1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CARLOS BARAJAS RAMIREZ,

11              Petitioner,              2: 10 - cv - 1417 - MCE TJB

12        vs.

13    JAMES A. YATES, Warden

14              Respondent.              <u>ORDER</u>

15    _____/

16          Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted by a jury of spousal rape, sodomy

18    by force and corporal injury on a spouse.  Petitioner received a sentence of seventeen years

19    imprisonment.  Petitioner raises numerous ineffective assistance of counsel claims in his federal

20    habeas petition; specifically:  (1) ineffectiveness for failing to impeach Petitioner's wife (Rosa

21    Saldana) on her prior criminal acts ("Claim I"); (2) ineffectiveness for failing to establish

22    Saldana's bias and motive to lie ("Claim II"); (3) ineffectiveness for failing to impeach Saldana

23    with other acts which reflected her dishonesty and manipulation ("Claim III"); (4) ineffectiveness

24    for failing to impeach Saldana with her prior purportedly inconsistent statements of the incident

25    ("Claim IV") (5) ineffectiveness for failing to impeach Saldana with dildo photos ("Claim V");

26    (6) ineffectiveness for failing to investigate ("Claim VI"); (7) ineffectiveness for failing to have

1

Petitioner testify on his own behalf at trial ("Claim VII"); and (8) ineffectiveness for failing to present evidence of Petitioner's good character ("Claim VIII").

Upon analyzing the briefs by the parties and the record, the court will entertain oral argument on the legal issues presented by Petitioner.  While not limited to the topics and issues listed below, the parties should be prepared to specifically address the following issues at oral argument:

1.   Whether the trial court's decision from the bench denying the motion for new trial constitutes the last reasoned decision for purposes of AEDPA review?

2.   If the trial court's decision denying the motion for a new trial does constitute the last reasoned decision for purposes of AEDPA review, whether its statement that "the challenged conduct essentially is whether to call certain witnesses" was incorrect with reference to Petitioner's claims of ineffectiveness for failing to impeach Rosa Saldana with her prior acts, motive to lie, Saldana's prior inconsistent statements along with trial counsel's failure to investigate and introduce into evidence the two dildo photographs?

3.   What impact, if any, does Petitioner's statement to police upon his arrest that he only engaged in oral sex with Saldana have in determining whether Petitioner was prejudiced by trial counsel's purported ineffectiveness particularly in light of the DNA evidence produced at trial?  Should this evidence be utilized in analyzing the prejudice prong on Petitioner's ineffective assistance of counsel claims, what impact, if any, does that have on the standard of review?

4.   Is the Court limited in analyzing trial counsel's stated reasons for his actions as stated in his testimony at the motion for new trial hearing in deciding whether counsel's performance fell below an objective standard of reasonableness?

5.   Was trial counsel decision not to impeach Saldana with her prior arrests because the police reports were old and that he thought he would not win any points with

1  the jury objectively unreasonable in that many of the arrests were only a few years

2  old?  Why or why not?

3  6.  Does counsel's questioning of Saldana regarding her driving without a license

4  show that trial counsel's performance did not fall below an objective standard of

5  reasonableness on impeaching Saldana?

6  7.  In determining whether Petitioner's trial counsel was ineffective for failing to

7  impeach Saldana with on her prior criminal acts, does the Court need to

8  affirmatively find that the arrests would have been admissible in state court?  If

9  so, how would this evidence be admissible?

10  8.  Whether trial counsel's reasoning that he did not seek to admit the dildo

11  photographs because they were taken after the incident occurred falls below an

12  objective standard of reasonableness?

13  9.  Does the fact that Petitioner remained silent at trial regarding his wanting to

14  testify defeat his ineffective assistance of counsel claim for failing to call him as a

15  witness?

16  In accordance with the foregoing, IT IS HEREBY ORDERED that:

17  1.  This matter is set for oral argument on March 5, 2012, at 9:30 a.m. before the

18  undersigned in Courtroom # 27 at the United States Courthouse located at 501 I

19  Street, Sacramento, California, 95814; and

20  2.  The parties shall appear at oral argument through their counsel.

21  DATED:  January 11, 2012

22

23

24  TIMOTHY J BOMMER
   UNITED STATES MAGISTRATE JUDGE

25

26

3